IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONJA N. WILLIAMS AND SHOCKTHEORY DLV, INC., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:23-cv-854-L-BN |
| TAVA VENTURES, INC., TAVA LIFESTYLE, LLC, LACORE ENTERPRISES, LLC, LACORE LOGISTICS, LLC, LACORE NUTRACEUTICALS, LLC, CLAVON BROWNING, ANTHONY T. FLEMING, KEVIN D. HARRIS, TANGIO "TKAY' WALKER, NINA MOORER, JANELLA SIMPSON, KENNETH LLOYD, CHANTE LLOYD, TERRY LACORE, JENIFER GRACE, LACHELLE PIERRE, JALENE MACK, GENE FORD, KEITH WILLIAMS, JEWEL TANKARD, STACIA PIERCE, TARA LEWIS DBA LGOLDEN TAVA LIFESTYLE, AND ARK ENTERPRISES, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 55.

Defendants Tava Ventures, Inc., Tava Lifestyle, LLC, LaCore Enterprises,

-1-

LLC, LaCore Logistics, LLC, LaCore Nutraceuticals, LLC, Kenneth Lloyd, Chante Lloyd, Terry LaCore, Kevin D. Harris, Jenifer Grace, Jalene Mack and Ark Ventures (collectively, the "Tava Defendants") have filed a motion to dismiss Plaintiffs Sonja N. Williams and ShockTheory DLV, Inc.'s claims against them and a motion to strike specific allegations in the pleadings. *See* Dkt. No. 26 (Defendants' Second Motion to Dismiss and Motion to Strike). Plaintiffs have filed a response, *see* Dkt. No. 31, and the Tava Defendants have filed a reply, *see* Dkt. No. 35.

For the following reasons, the undersigned determines that venue is improperly laid in the Northern District of Texas and recommends the Court transfer this case to the Eastern District of Texas.

**Background**

The following facts are taken primarily from Plaintiffs' Amended Complaint.

Tava Ventures, Inc. is a multi-level marketing company that markets and sells health and wellness products through independent distributors. *See* Dkt. No. 24 at 5 ¶¶30-31. Tava Ventures, Inc. sometimes does business as Tava Lifestyle. *See* Dkt. No. 26 at 1 n.1. The parties do not differentiate between Tava Ventures, Inc. and Tava Lifestyle in their pleadings, so the undersigned will refer to them collectively as "Tava."

Kenny Lloyd and Chante Lloyd are Tava's founders. *See* Dkt. No. 24 at 5-6 ¶3.

Terry LaCore is one of Tava's financial partners. *See id.* at 6 ¶ 3. LaCore Enterprises, LLC is Tava Ventures' majority shareholder and acts as Tava's management, distribution, and manufacturing arm. *See id.* at 1 at 4-15 ¶62. LaCore

-2-

Nutracetuticals, LLC manufactures the actual Tava products and product packaging, and LaCore Logistics, LLC distributes the Tava products. *See id*. at ¶63.

Plaintiffs allege that Tava operates a pyramid scheme. *See id*. at 5 ¶¶30-31, 7-8 ¶¶40-41, 8-16 ¶¶43-66. Ark Ventures sits at the top of the Tava pyramid and makes distributions to the Lloyds and LaCore. *See id*. at 11 ¶ 53.

Plaintiff Sonja N. Williams was a Tava associate. *See id*. at 17 ¶¶72-73.

Shortly after Tava was formed, it hired Plaintiff ShockTheory DLV, a full-service advertising agency. *See id*. at 16 ¶¶67-68. Sonja N. Williams is ShockTheory's Chief Executive Office and leads the company as its head digital designeer and producer. See id. at ¶67.

Tava and ShockTheory executed an Agency Consulting Agreement on January 10, 2020. *See id*. at 16 ¶67, 17 at ¶74. Based on the agreement, ShockTheory developed marketing materials, Tava's website, and video and production and event planning materials for Tava. *See id*. at ¶76.

The agreement expired by its written terms on May 9, 2020. *See id*. at 17 ¶75.

After the agreement expired, Tava asked Williams to design labels and product packages for several Tava products (the "package designs"). *See id*. at 17-18 at ¶¶77-78. Plaintiffs allege that Tava never obtained a license or ownership of the package designs and that Tava has been using and distributing the package designs without ShockTheory's permission, consent, or authorization. *See id*. at 18-21 ¶¶79-91.

The Tava and LaCore Defendants ignored Williams's demand that they cease

-3-

use of the package designs in the manufacture, marketing, branding, and sale of their products. *See id.* at 20 ¶¶86-86.

Plaintiffs sue all Defendants for copyright infringement, contributory and vicarious copyright infringement, and unjust enrichment. *See id.* at 21-24 ¶¶92-115, 25-26 ¶¶123-129. Plaintiffs sue the "Corporate Defendants" (which they do not identify but presumably are Tava Ventures, Inc., Tava Lifestyle, LLC, LaCore Enterprises, LLC, LaCore Logistics, LLC, and Lacore Nutraceuticals, LLC), Terry LaCore, Kenneth Lloyd, Chante Lloyd, Jenifer Grace, and Kevin D. Harris for false designation of origin, unfair competition, and civil conspiracy. *See id.* at 24-25 ¶¶ 116-122; 29-30 ¶¶145-152. Plaintiffs sue the Corporate Defendants, Terry LaCore, Kenneth Lloyd, and Chante Lloyd for violations of Section 10(b) of the Securities Exchange Act and the Texas Deceptive Trade Act. *See id.* at 26-29 ¶¶ 130-144. Plaintiffs sue the Corporate Defendants for common law fraud, violation of Section 1202 of the Copyright Act, and breach of contract. *See id.* at 31-33 ¶160-168.

The Tava Defendants move to dismiss Plaintiffs' claims on the grounds that this Court lacks personal jurisdiction over Kevin D. Harris, venue is improperly laid in the Northern District of Texas, and Plaintiffs fail to state a claim on which relief can be granted. See Dkt. Nos. 26, 26-1. The Tava Defendants also ask the Court to strike specific allegations in the Amended Complaint as immaterial, impertinent, or scandalous.

The undersigned now concludes that venue is improperly laid in the Northern District of Texas and the case should be transferred to the Eastern District of Texas.

## Legal Standards

"A court typically decides personal jurisdiction questions before considering any venue challenges." *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013). But "when there is a sound prudential justification for doing so, a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.,* 443 U.S. 173, 180 (1979) (explaining that "neither personal jurisdiction nor venue is fundamentally preliminary").

The Tava Defendants challenge personal jurisdiction over one Defendant – Kevin Harris – on the basis that Plaintiffs cannot establish general jurisdiction over him in the state of Texas. They also argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Northern District of Texas, or, alternatively, should be transferred to the Eastern District of Texas. *See Nuttall*, 984 F. Supp. 2d at 642. Because the personal jurisdiction determination would be the same in either the Northern or Eastern District or would be resolved if the case is dismissed, it is appropriate to consider venue as an initial matter. *See id.*

On a Federal Rule of Civil Procedure 12(b)(3) motion, once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *See International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir.

2009) (cleaned up). In deciding a Rule 12(b)(3) motion, the Court must view all the facts in a light most favorable to the plaintiff. *See id.* at 237.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) (cleaned up).

## Analysis

In the Complaint, Plaintiffs state that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391 because at least one of the Defendants reside in this judicial district and because a substantial part of the events giving rise to the claims asserted occurred in this judicial district." Dkt. No. 1 at 2 ¶3.

The general venue statute, 28 U.S.C. § 1392(a), provides that a civil action may be brought in (1) a judicial district where any defendant resides, if all

defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *See* 29 U.S.C. § 1391(a).

Venue for a copyright infringement claim is governed exclusively by a special provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Nuttall*, 984 F. Supp. 2d at 645 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966) (noting that, for copyright infringement claims, 28 U.S.C. § 1400(a), not 28 U.S.C. § 1391(a), governs venue).

The district in which a Copyright Act defendant may be "found" is coextensive with a court's jurisdictional reach over the defendant's person. *See Action Tapes, Inc. v. Weaver*, No. 3:05-cv-1693-H, 2005 WL 3199706, at *1 (N.D. Tex. Nov. 23, 2005). The venue inquiry is conducted as if the district were its own state, and there must be contacts with that specific district, not merely a specific state. *See Nuttall,* 984 F. Supp. 2d at 645.; *Tayama v. Riom Corp.*, No. 2:11-cv-167-J, 2012 WL 556007, at *1 (N.D. Tex. Feb. 21, 2012).

The Tava Defendants argue that venue is improper in the Northern District of Texas because Plaintiffs cannot establish venue under 28 U.S.C. § 1400(a), the special venue provision for copyright claims. The undersigned agrees.

In the Complaint, Plaintiffs assert claims over six defendants residing in the Eastern District of Texas (Tava Ventures, Inc.; Tava Lifestyle, LLC; LaCore Enterprises, LLC; LaCore Logistics, LLC; LaCore Nutraceuticals, LLC; and Terry LaCore); six defendants residing in the Southern District of Texas (Kenneth Lloyd; Chante Lloyd; Tkay Walker; LaChelle Pierre; Jennifer Grace; and Ark Ventures); three defendants residing in the Northern District of Georgia (Anthony T. Fleming; Kevin D. Harris; and Nina Moorer); one defendant residing in the Eastern District of Louisiana (Clavon Browning); and one defendant residing in the Southern District of Florida (Janelle Simpson). *See* Dkt. No 1 at 2-4. Plaintiffs do not allege that any defendant resides or may be found in the Northern District of Texas. *See id.*

After the Tava Defendants challenged venue in their prior motion to dismiss, *see* Dkt. No. 21, Plaintiffs filed an Amended Complaint, adding three defendants who reside in the Northern District of Texas, *see* Dkt. No. 24. But "the district in which proper venue lies is determined at the time the complaint is filed and is not affected by a subsequent change of parties." *Horihan v. Hartford Ins. Co. of the Midwest,* 979 F. Supp. 1073, 1076 (E.D. Tex. 1997). And Plaintiffs failed to allege that any defendant may be found in the Northern District of Texas at the time that suit was filed.

Plaintiffs also allege that the "Corporate Defendants" market and sell the products with the infringing designs "at marketing and branding events all over the country. Many of those events occurred in Texas, including the Dallas-Fort Worth Metroplex." Dkt. No. 1 at 15-16 ¶¶74, 75.

But this general allegation does not establish that Tava Ventures, Inc., Tava Lifestyle, LLC, LaCore Enterprises, LLC, LaCore Logistics, LLC, and LaCore Nutraceuticals, LLC, can be found in the Northern District of Texas. And the undersigned takes judicial notice that both the Northern and Eastern Districts are in the Dallas-Fort Worth Metroplex.

The Tava Defendants argue that Plaintiffs' case should be dismissed instead of transferred because Plaintiffs' attorneys engaged in "obvious venue shopping" and could have foreseen that the forum in which the suit was filed was improper. *See Seville v. Maersk Line, Ltd.*, 53 F. 4th 890, 896-97 (5th Cir. 2022). Alternatively, they argue the case should be transferred to the Eastern District of Texas.

Two days before Plaintiffs filed their Complaint in this lawsuit, Plaintiffs' counsel sent a demand letter to the registered agent of Tava Ventures, Inc., Tava Lifestyle, LLC, LaCore Enterprises, LLC, LaCore Logistics, LLC, and LaCore Nutraceuticals, LLC, stating that Sonja Williams would be filing suit against them on her copyright and related claims. *See* Dkt. No. 26-2 at 8-10. Plaintiffs' attorney stated that, "[g]iven the nature of Ms. Williams' claims, the Complaint will be filed in the Eastern District of Texas on April 21, 2023." *Id.* at 8. The draft complaint attached to the demand letter is almost identical to the Complaint filed in this Court. Both the venue statement and the allegation that many branding and marketing events occurred in Texas, including the Dallas-Fort Worth Metroplex, are the same. *See* Dkt. No. 1 at 2 ¶3, 15-16 ¶¶74, 75; Dkt. No. 26-2 at 13 ¶3, 25 ¶¶ 72-73. But the complaint attached to the demand letter was drafted to be filed in the

-9-

Eastern District of Texas. *See id.* at 12-36.

Although there is no hint in the record as to why Plaintiffs filed their lawsuit in the Northern District of Texas, the undersigned finds it to be in the interest of justice to transfer the case to the Eastern District of Texas.

Plaintiffs implicitly acknowledge that venue is proper in the Eastern District of Texas and the case originally could have been, and almost was, filed in the Eastern District of Texas. In their Complaint, Plaintiffs allege that the principal place of business for Tava Ventures, Inc., Tava Lifestyle, LLC, LaCore Enterprises, LLC, LaCore Logistics, LLC, and LaCore Nutraceuticals, LLC is in Melissa, Texas and that Terry LaCore and Jennifer Grace reside in Melissa, Texas. The undersigned takes judicial notice that Melissa, Texas is in the Eastern District of Texas. And so these defendants reside or may be found in the Eastern District of Texas.

The parties have engaged in a significant amount of motion practice. And Plaintiffs experienced difficulties in serving several defendants. A transfer would be in the interest of justice because it would avoid the costs and delay that may result from dismissal and refiling. *See Nuttall*, 984 F. Supp. 2d at 646 (holding that transfer, rather than dismissal, was in the interest of justice because the parties had already engaged in extensive jurisdictional discovery and motion practice); *see also Blanchard v. Heart of Tex. Regions MHMR*, No. 3:08-cv-370-B, 2008 WL 1867400, at *2 (N.D. Tex. Apr. 25, 2008) (holding that transfer, rather than dismissal, was in the interest of justice where plaintiff claimed she had difficulty serving defendant).

The undersigned finds that venue is improperly laid in the Northern District of Texas and recommends that the Court transfer the case to the Eastern District of Texas.

## Recommendation

Defendants' Second Motion to Dismiss and Motion to Strike [Dkt. No. 26] should be granted on the grounds that venue is improper in the Northern District of Texas. In the interest of justice, the District Court should transfer this case to the Eastern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE