IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SONJA N. WILLIAMS AND SHOCKTHEORY DLV, INC.,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:23-CV-0854-L-BN** |
| **TAVA VENTURES, INC et. al**, | § § § | |
| Defendants. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David L. Horan ("Report") (Doc. 58) was entered on November 29, 2023, recommending that the court should **grant** Defendants Tava Ventures, Inc., Tava Lifestyle, LLC, 1 LaCore Enterprises, LLC, LaCore Logistics, LLC, LaCore Nutraceuticals, LLC, Kevin D. Harris, Kenneth Lloyd, Chante Lloyd, Terry LaCore, Jenifer Grace, Jalene Mack, and Ark Ventures's (the "Tava Defendants") Second Motion to Dismiss and Motion to Strike (the "Second Motion") (Doc. 26); and **transfer** this action to the Eastern District of Texas. Plaintiffs Sonja Williams and Shocktheory DLV, Inc. ("Plaintiffs") filed Objections to the Report (Doc. 59) on December 13, 2023; and Tava Defendants filed a Response to Plaintiffs' Objections (Doc. 61) on December 27, 2023.

On April 21, 2023, Plaintiffs filed their Original Complaint (the "Complaint") (Doc. 1) claiming copyright infringement, contributory and vicarious copyright infringement, unjust enrichment, false designation of origin, unfair competition, civil conspiracy, common law fraud, breach of contract, and violations of Section 10(b) of the Securities Exchange Act ("SEC") and Section 1202 of the Copyright Act. Report 4. In the Complaint, Plaintiffs named defendants who

**Order – Page 1**

reside in the Eastern District of Texas, Southern District of Texas, Eastern District of Louisiana, and Southern District of Florida. *Id.* at 8.

On June 30, 2023, Tava Defendants filed a Motion to Dismiss (Doc. 21) asserting, among other grounds, that venue is improper pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1400(a). On July 21, 2023, Plaintiffs filed an Amended Complaint (Doc. 24) adding three additional defendants who reside in the Northern District of Texas. On August 4, 2023, Tava Defendants filed the Second Motion (Doc. 26) again arguing that venue is improper, among other grounds. The Report recommends **granting** Tava Defendants' Second Motion, only on the ground that venue is improper in the Northern District of Texas, because Plaintiffs' Complaint does not name any defendant who resides in the Northern District of Texas, nor does their Amended Complaint allege that any defendant resided in the Northern District of Texas at the time the suit was filed. Report 8 (citations omitted).

Plaintiffs objected to the Report arguing that: (1) the Report's "reliance on *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) is misplaced," Obj. 5-7; (2) the Report failed to consider the factual allegations in the Amended Complaint, *id.* at 7-8; and (3) the Report "failed to draw factual conclusions in Plaintiff[s'] favor," *id.* at 8-9. Tava Defendants filed a response arguing that Plaintiffs' objections should be overruled for the reasons stated in the Report. *See* Doc. 61.

Plaintiffs allege that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391." Compl. ¶ 3; Am. Compl. ¶ 3. Venue for copyright infringement claims, however, is governed exclusively by a special provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966) (stating that 28 U.S.C.

**Order – Page 2**

§ 1400(a) governs venue for copyright infringement claims, not 28 U.S.C. § 1392(a), the general venue statute). The Fifth Circuit also holds that "venue is determined at the outset of litigation and is not affected by subsequent events." *Moler v. Wells*, 18 F.4th 162, 166 n.6 (5th Cir. 2021) (cleaned up) (quoting *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003)). Further, district courts in Texas have, for the most part, agreed that the district in which proper venue lies is not affected by a subsequent change of parties.[*]

Here, in the Complaint, the outset of litigation, Plaintiffs did not name any defendant that resides in the Northern District of Texas. Only after Tava Defendants challenged venue did Plaintiffs amend their Complaint and add three additional defendants who reside in the Northern District of Texas. The Amended Complaint, however, does not change the court's analysis of venue because "venue is determined at the outset of litigation" and is "not affected by subsequent events," such as "a subsequent change of parties." Further, the court reasonably infers that Plaintiffs added the additional defendants as a means to prevent a transfer to a district other than the Northern District of Texas. As stated in the Report:

> Two days before Plaintiffs filed their Complaint in this lawsuit, Plaintiffs' counsel sent a demand letter to the registered agent of [Tava Defendants], stating that [Plaintiff] Sonja Williams would be filing suit against them on her copyright and related claims. Plaintiffs' attorney stated that, "[g]iven the nature of Ms. Williams' claims, the Complaint will be filed in the Eastern District of Texas on April 21, 2023." The draft complaint attached to the demand letter is almost identical to the Complaint filed in this Court. Both the venue statement and the allegation that many branding and marketing events occurred in Texas, including the Dallas-Fort Worth Metroplex, are the same. But the complaint attached to the demand letter was drafted to be filed in the Eastern District of Texas.

---

[*] S*ee, e.g.*, *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 4575005, at *8 (N.D. Tex. Aug. 31, 2018), report and recommendation adopted, No. 3:17-CV-337-S-BN, 2018 WL 4568803 (N.D. Tex. Sept. 24, 2018); *Sampson Indus., Inc. v. Amega Indus., Inc.*, No. 3-98-CV-1440-P, 1998 WL 826907, at *3 n.9 (N.D. Tex. Nov. 18, 1998); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997); *Fernandez-Lopez v. Hernandez*, No. DR-19-CV-46-AM/CW, 2020 WL 9396487, at *16 (W.D. Tex. Nov. 20, 2020); *Holmes v. Energy Catering Servs.*, LLC, 270 F. Supp. 2d 882, 885 n.1 (S.D. Tex. 2003); *but see Brown v. Bandai Am., Inc.*, No. 3-01-CV-0442-R, 2001 WL 720464, at *1 (N.D. Tex. June 25, 2001) (stating that "a plaintiff is . . . entitled to take steps, such as dismissing a defendant, in order to preserve his original choice of venue").

**Order – Page 3**

Report 9-10. Although the court is not clairvoyant and cannot say with absolute certainty Plaintiffs' reasons for ultimately filing this action in the Northern District of Texas instead of the Eastern District of Texas, the court determines that Plaintiffs' decision to add the three defendants smacks of legal prestidigitation which the court will not abide. Therefore, because Plaintiffs do not name a defendant that resides in the Northern District of Texas in their initial pleading, venue is improper in this District. Instead, venue is proper in the Eastern District of Texas, Sherman Division, where most of the defendants reside. Accordingly, the court **overrules** Plaintiffs' objections.

Having considered the Second Motion, Response, Report, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Tava Defendants' Second Motion (Doc. 26) only to the extent that venue is improper; and, rather than dismiss this action, **transfers** it to the Sherman Division of the Eastern District of Texas as the proper venue under 28 U.S.C. § 1400(a). Further, the court **denies without prejudice** all other pending motions (Docs. 28, 42, 44, 46, 48, 50, 52, 57, 62, 63, and 66). The court **directs** the clerk of court to effect the transfer in accordance with the usual procedure.

**It is so ordered** this 14th day of February, 2024.

Sam A. Lindsay
United States District Judge