UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SONJA N. WILLIAMS, ET AL. § | |
| § | |
| v.  § | CIVIL NO. 4:24-CV-122-SDJ |
| § | |
| TAVA VENTURES, INC., ET AL. § | |

# **ORDER**

Before the Court is Defendants'[1] Motion to Stay Proceedings. (Dkt. #78). Plaintiff filed a response in opposition. (Dkt. #80). Having considered the briefing and the applicable law, the Court concludes that the motion should be granted.

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F.App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The court may, for example, stay discovery for "good cause" under Federal Rule of Civil Procedure 26(c)(1). *See id.* Good cause may exist when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (quoting *Fujita*, 416 F.App'x at 402). But as courts in this circuit have often explained, a discovery stay is "the exception rather than the rule." *Id.*, at *1 (quoting *Yeti Coolers, LLC v. Magnum Solace*, LLC, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016)).

---

[1] Sixteen of the twenty-three Defendants join the motion.

The Court finds good cause to grant a stay. Defendants have filed a motion to dismiss, (Dkt. #72), that raises significant challenges to Plaintiffs' complaint. The motion to dismiss argues that the case can be dismissed in full or in part for three reasons: (1) the Court lacks personal jurisdiction over four defendants; (2) Plaintiffs' claims fail to state a claim upon which relief can be granted; and (3) Plaintiffs' claims against three defendants should be dismissed because they were not served within 90 days. Each "provides substantial arguments for dismissal of many, if not all of Plaintiff[s'] claims." *Vincent Spadfora, et al. v. Hotel Reservation Service, Inc.*, No. 4:23-cv-735-SDJ (E.D. Tex. Dec. 29, 2023). Further, "disposition of the motion to dismiss might preclude the need for discovery altogether," particularly if the Court grants the motion to dismiss for failure to state a claim, which could dismiss the case in its entirety. *Id.*

Of particular importance here, the Court notes that jurisdictional issues should be determined early in the case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.") (cleaned up); *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."). Here, the question of personal jurisdiction over four defendants has been briefed and is ripe for determination without needing discovery. (Dkt. #72 at 4–8); (Dkt. #77 at 14–21). The Court finds good cause for a stay on these grounds alone.

It is therefore **ORDERED** that Defendants' Motion to Stay Proceedings, (Dkt. #78), is **GRANTED**.

It is further **ORDERED** that all proceedings in this case are **STAYED** pending the Court's resolution of Defendants' Third Motion to Dismiss and Motion to Strike. (Dkt. #72).

**So ORDERED and SIGNED this 14th day of May, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE